UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80643-RAR

**JASON GOLDSTEIN,** *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

**BELIV, LLC,**

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

**THIS CAUSE** comes before the Court upon Defendant's Motion to Stay, [ECF No. 8] ("Motion"), filed on July 15, 2022. On July 29, 2022, Plaintiff filed his Response in Opposition, [ECF No. 10], and on August 5, 2022, Defendant filed a Reply, [ECF No. 11].[1] Defendant asks this Court to stay all proceedings in this matter pending the resolution of the case, *Kelly v. Beliv LLC*, No. 1:21-cv-08134-LJL (S.D.N.Y. filed Oct. 1, 2021), in the Southern District of New York ("New York action"). *See* Mot. 1–2. Having carefully reviewed the record, the parties' briefing, and being otherwise fully advised, the Court hereby **GRANTS** Defendant's Motion.

## BACKGROUND

This action was filed on April 26, 2022. *See* Compl. [ECF No. 1]. Plaintiff alleges that Defendant improperly claims its Nectar Petit Fruit Punch contains "no preservatives"—even though the ingredient label states the fruit punch contains ascorbic and citric acid. *Id.* at ¶¶ 1–3.

---

[1] Defendant also filed a Motion to Dismiss, [ECF No. 17], on September 12, 2022. On August 26, 2022, Plaintiff filed a Response in Opposition to the Motion to Dismiss, [ECF No. 18], and Defendant filed a Reply, [ECF No. 19], on October 3, 2022.

Specifically, Plaintiff avers ascorbic and citric acid are preservatives and function as preservatives in the fruit punch. *Id.* ¶ 3.

Counsel for Plaintiff previously filed a similar suit in the Southern District of New York on October 21, 2021. *See Kelly v. Kasim Int. Corp.*, No. 1:21-cv-08134-LJL (S.D.N.Y. 2021). The plaintiff in the New York action alleged that Kasim International Corporation improperly claimed that their Nectar Petit Mango beverage contained no preservatives, despite the presence of ascorbic and citric acid. *See* Mot. Ex. 2 [ECF No. 8-2] ¶ 6. On December 1, 2021, plaintiff Kelly filed a First Amended Complaint in the New York action substituting Beliv LLC for Kasim International Corporation. *See* Mot. Ex. 3 [ECF No. 8-3] at 2. The Amended Complaint alleged that the packaging of Beliv's mango beverage stated that the drink contained no preservatives, even though the beverage contained ascorbic and citric acid. *See* Mot. Ex. 2. ¶¶ 6, 21. The plaintiff in the New York action further maintained that ascorbic and citric acid are preservatives and function as preservatives in the beverage. *See id.* ¶¶ 21–22, 24.

Defendant urges the Court in its Motion to stay this later-filed action under the first-to-file rule until the New York action is fully adjudicated. *See* Mot. at 2.

**LEGAL STANDARD**

Where two federal actions involve overlapping issues and parties, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). This first-to-file rule "is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency . . . ." *Yao v. Ulta Beauty, Inc.*, No. 18-22213, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018) (citations omitted). The purpose of the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of

issues that call for a uniform result." *Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *1 (N.D. Ga. Jan. 15, 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999)) (internal quotation marks omitted).

To determine whether the first-to-file rule applies, courts consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) (citing *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013)). Neither the parties nor the issues need be identical. *See Kelly v. Gerber Prod. Co.*, No. 21-60602, 2021 WL 2410158, at *1 (S.D. Fla. June 11, 2021). Rather, the parties and the issues "must simply overlap." *Daugherty v. Adams*, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *12 (N.D. Ga. Mar. 22, 2017).

Courts have substantial discretion as to the procedural mechanism they can use to address the later-filed case when the first-to-file doctrine applies. *See Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (internal citations omitted). A district court may "stay, transfer, or dismiss a duplicative later-filed action." *ASS Armor, LLC v. Under Armour, Inc.*, No. 15-20853, 2015 WL 2155724, at *2 (S.D. Fla. May 7, 2015). Moreover, "[d]istrict courts have the inherent power to stay litigation pending the outcome of a related proceeding in another forum." *Id.*

## ANALYSIS

The first-to-file rule factors apply in this instance and favor the Court staying this action pending the outcome of the New York action. First, the parties do not dispute that the New York action was filed earlier. This action was filed in the Southern District of Florida in April 2022. *See generally* Compl. The New York action was initially filed in October 2021, *see generally*

*Kelly v. Kasim Int. Corp.*, No. 1:21-cv-08134-LJL, Compl., filed Oct. 1, 2021 (S.D.N.Y. 2021), and the plaintiff in the New York action substituted Beliv in for the original defendant in December 2021, *see* Mot., Ex. 3 at 3. Therefore, the first factor favors this Court's deference to the New York action.

Second, the parties are substantially similar. In both actions, the Defendant is Beliv, LLC. Plaintiff in this action argues that the first-to-file rule should not apply because different named plaintiffs representing different putative classes of plaintiffs bring the respective suits. *See* Resp. at 4. The present case purports to represent plaintiff classes in Florida, Georgia, Alabama, Arkansas, and South Carolina, whereas the New York action purports to represent plaintiff classes in New York, Massachusetts, and Connecticut. *See id.* However, the dissimilar plaintiff classes do not defeat application of the first-to-file rule. The parties do not have to be identical for the first-to-file rule to apply. The first-to-file rule applies where "some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at *10 (N.D. Cal. Apr. 15, 2014) (internal citations omitted). In *Cadenasso*, the court found that the first-to-file rule applied, even though the two cases in question involved different plaintiff classes. *Id.* The court determined that given the other factors weighing in favor of the first-to-file rule, the mutually exclusive class of plaintiffs was not dispositive. *See id.*; *see also Abreu v. Pfizer, Inc.*, No. 21-62122, 2022 WL 481184, at *6 (S.D. Fla. Feb. 16, 2022), reconsideration denied, No. 21-62122, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022) ("[A]lthough Harris and Abreu are two separate individuals [as plaintiffs], each alleges similar claims against Pfizer and purport to represent a class and subclass of plaintiffs."). Considering the similarity of the issues in the cases at hand, the parties are substantially similar enough for the first-to-file rule to apply.

The third factor weighs heavily in favor of the application of the first-to-file rule. The central facts, legal questions, and causes of action in the two cases all overlap to a significant extent, such that resolution of the earlier-filed case will assist in the adjudication of the later-filed case.

The central factual issues in the two cases are nearly identical. Both cases claim that Beliv improperly labeled its beverages as containing no preservatives, when the beverages in fact contain ingredients that can function as preservatives. The allegations overlap such that "the resolution of the claims in both cases will turn on similar determinations of fact in an effort to answer the same central question:" whether the inclusion of ascorbic acid and citric acid renders the "no preservatives" label misleading. *See Cadenasso*, 2014 WL 1510853, at *10; *See generally* Compl.

Plaintiff argues that the issues are distinct because the New York action challenges the labeling of mango juice, whereas the present case challenges the labeling of fruit punch made of peaches, apples, and pears. *See* Resp. at 6. According to Plaintiff, mangos are less acidic than peaches, apples, and pears, and this potentially affects how ascorbic and citric acid function in the two respective beverages. *See id.* 6–7. This argument is unavailing. The presence and use of ascorbic acid and citric acid are factual issues in both cases, and the application of the law to the facts in the New York action will bear significantly on the application of the law to the facts here. Moreover, the issues do not have to be identical, but merely similar, for the first-to-file rule to apply. *Daugherty*, 2017 WL 5484699, at *12.

Plaintiff also asserts the issues are distinguishable because the two cases plead different causes of action—the present case pleads a cause of action under Florida's Deceptive and Unfair Trade Practices Act, *see* Compl. ¶ 109, whereas the New York Action pleads a cause of action under New York's General Business Law, *see* Mot., Ex. 2, Amend. Compl. ¶ 77. *See* Resp. at 7.

That is no matter. "[T]here is no requirement that the issues and claims be identical." *Abreu*, 2022 WL 481184, at *7. The issues are similar enough that the resolution of the New York case will assist in the present case. Further, the legal issues substantially overlap—in both cases, Plaintiffs assert that Beliv mislabeled their products, and therefore violated consumer fraud statutes, breached express and implied warranties, violated the Magnuson Moss Warranty Act, misrepresented their products, engaged in fraud, and unjustly enriched itself. *See* Compl. ¶¶109–47; Mot., Ex. 2, Amend. Compl. ¶¶ 77–103. The Court, in the interest of federal comity, wishes to avoid any conflicting decisions and promote judicial efficiency and economy by staying this action until its sister court can fully adjudicate the New York action.

*Strother v. Hylas Yachts, Inc.* is instructive. In *Strother*, the District Court for the Southern District of Florida dismissed the suit under the first-to-file rule because a parallel suit had previously been filed in the District Court for the District of Massachusetts. *Strother*, 2012 WL 4531357, at *1. As here, the issues were substantially similar, and the two complaints pleaded disparate state law claims. The Southern District of Florida complaint alleged breach of contract, conspiracy to defraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. *See* Compl. ¶¶ 20–25, *Strother*, 2012 WL 4531357, at *1. The District of Massachusetts claim alleged breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, fraud, slander of title, violation of Massachusetts statutory law, intentional interference with contractual relationship, and civil conspiracy. *See* Compl. ¶¶ 41–119, *Hylas Yachts LLC v. Strother et al.*, No. 1:12-cv-10468, (D. Mass. Mar. 31, 2015). The District Court for the Southern District of Florida determined that even though the cases featured "some different causes of action and different parties[,]" the issues overlapped sufficiently to warrant application of the first-to-file rule. *See Strother*, 2012 WL 4531357, at *2. Likewise, in *Banegas*

*v. Procter & Gamble Co.*, No. 16-61617, 2016 WL 5940104, at *1 (S.D. Fla. Sept. 28, 2016), the court found that the first-to-file rule applied when the "only difference is the application of California versus Florida substantive law . . . ." In sum, given the similar facts and legal issues here, the third factor favors the application of the first-to-file rule in the present case.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Stay, [ECF No. 8], is **GRANTED**.

2. The case will be **STAYED** pending resolution of the New York Action.

3. Accordingly, the Clerk of Court shall **CLOSE** this case for **administrative purposes only** and all pending motions are hereby **DENIED as moot.**

4. The parties shall file a joint status report every **ninety (90) days**, beginning on **January 27, 2023**, advising the Court as to the status of the New York Action.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of October, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**